**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, AKA Sukh Sinch, <br><br>   Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>   Respondent. | No. 13-71139 <br><br> Agency No. A094-023-888 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Sukhwinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT"). Our

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over Singh's claim that the agency erred in admitting his sworn airport statement to the record, as he did not exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the agency's adverse credibility determination based on Singh's prior dishonesty under oath. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of circumstances)*; see also Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Substantial evidence also supports the BIA's determination that Singh lacked an excusable justification for his false statements regarding his family's presence and activities in the U.S. because he did not make the statements while fleeing persecution. *See Singh*, 643 F.3d at 1181 (upholding agency's adverse credibility finding based on petitioner's lies to immigration authorities that were "completely unrelated to escaping immediate danger or

gaining entry into the United States"); *cf. Akinmade v. INS*, 196 F.3d 951, 955-56 (9th Cir.1999) ("a genuine refugee escaping persecution may lie about his citizenship to immigration officials in order to flee his place of persecution or secure entry into the United States"). Thus, we deny the petition as to Singh's withholding of removal claim.

Substantial evidence also supports the agency's denial of Singh's CAT claim because it was based on the same statements the IJ found not credible, and the record does not otherwise compel the finding that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**